**Grady JACKSON, Jr., Appellant**

v.

**UNITED STATES of America.**

**No. 07-4628.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 30, 2008.

Opinion filed Dec. 29, 2008.

---

Grady Jackson Jr., White Deer, PA, pro se.

Before McKEE, RENDELL and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Grady Jackson, Jr. appeals the District Court's order granting appellee's motion to dismiss his complaint. The procedural history of this case and the details of Jackson's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Jackson filed a complaint under the Federal Tort Claims Act alleging that several items of his property went missing when he was transferred to the Special Housing Unit. The District Court granted appellee's motion to dismiss and declined to exercise jurisdiction over any negligence claims arising under state law. Jackson filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

The District Court held that Bureau of Prisons officers were "law enforcement officers" under 28 U.S.C. § 2680(c). That section provides an exception to the United States' waiver of sovereign immunity for claims arising from the detention of property by law enforcement officers. The Supreme Court recently held the same in *Ali v. Federal Bureau of Prisons*, — U.S. ——, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008).[1] Because the United States has not waived its sovereign immunity for Jackson's claims, the District Court did not err in dismissing Jackson's complaint for lack of subject-matter jurisdiction.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will sum-

---

1. In *Ali,* a federal prisoner who had been transferred to a new prison alleged that several items of property were missing from his bags.

marily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6. Appellee's motion to stay the appeal is denied as moot.